## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SANDTAS METCALF ) | |
| ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | |
| v. ) | |
| ) | Case Nos. 06-CR-20024-01-CM |
| ) | 10-CV-02414-CM |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 49). Petitioner argues that his motion should be granted based on two grounds: (1) the court should retroactively apply the Supreme Court's January 13, 2009 decision in *Chambers v. United States*, 129 S. Ct. 687 (2009) (finding that a prisoner's escape from a halfway house may not be characterized as a violent felony), and (2) his Presentence Investigation Report (PSR) incorrectly characterized his criminal history by stating petitioner has two prior drug convictions when petitioner alleges he has only one prior drug conviction. Petitioner thus challenges his designation as a career offender under the United States Sentencing Guidelines. (U.S.S.G. § 4B1.1.) Petitioner requests an evidentiary hearing to correct the alleged error in the PSR. (Doc. 55.)

In its response, the government argues that petitioner's waiver should be enforced, disallowing petitioner to collaterally attack any matter regarding his sentence. (Doc. 53.) The government argues against retroactive application of *Chambers* and maintains that, even should

the case apply, the outcome would not change because of petitioner's two prior felony convictions for a controlled substance. (Doc. 53 at 1.) Finally, the government maintains petitioner's claims are beyond the statute of limitations and thus time-barred. (Doc. 53 at 1.)

## I.  Factual Background

Petitioner was charged with two counts of distribution of "crack" cocaine (Counts 1 and 2); possession with intent to distribute five grams or more of "crack" cocaine (Count 3); use or possession of a firearm in connection with drug trafficking (Count 4); and being a felon in possession of a firearm (Count 5). On October 10, 2006, petitioner entered a plea of guilty to Count 3 of the Indictment.

At sentencing, the court deemed petitioner a career offender under U.S.S.G. § 4B1.1 based on information contained in his PSR. The court sentenced petitioner to a term of 180 months imprisonment.

## II.  Legal Standard

Under 28 U.S.C. § 2255, a prisoner in custody in violation of the Constitution or federal law "may move the court which imposed the sentence to vacate, set aside or correct the sentence." *See* 28 U.S.C. § 2255(a). If the court finds the prisoner is being held in violation of federal law, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence . . . " *See* 28 U.S.C. § 2255(b).

28 U.S.C. § 2255(f) imposes a time limitation of one-year for motions filed under this section. The one-year time limit begins from the latest of: (1) the date on which judgment is made final in the case; (2) the date a government impediment to making the motion is removed; (3) the date on which the Supreme Court first recognized the right asserted by the petitioner, if the right has been newly recognized by the Supreme Court and applies retroactively to cases on collateral review; or (4) the date

on which the facts supporting the claim or claims brought had the potential to be discovered through due diligence. *See* 28 U.S.C. § 2255(f).

**III.    Discussion**

    **A.  "Newly Recognized Right" and Retroactivity**

Petitioner argues that the Supreme Court's decision in *Chambers* fits into the third requirement under 28 U.S.C. § 2255(f). Thus, it must be determined whether the right in *Chambers* has been newly recognized and whether it applies retroactively to this case. A rule is "new" if it was not "dictated by precedent existing at the time the defendant's conviction became final." *See United States v. Blue*, Nos. 03-10058-01, 09-1108, 2009 WL 2581284 at *3 (D. Kan. Aug. 20, 2009). In that case, the court found that *Chambers* was not dictated by precedent existing at the time of conviction; instead, the ruling was based mostly on data from a U.S. Sentencing Guideline report. *See id*. The court also found that *Chambers* applied to the defendant's "walkaway" escape, even though it was beyond the facts in *Chambers*, which addressed failure to report for confinement. *See id*.

It is apparent that *Chambers* is a new rule. *See Blue*, 2009 WL 2581284 at *3, and that under *Chambers*, petitioner's conviction for attempted aggravated escape, like walkaway or failure to return charges, would not qualify as a crime of violence. *See United States v. Shipp*, 589 F.3d 1084, 1090 (10th Cir. 2009) (finding defendant's escape conviction, or failure to return as directed, did not qualify as a violent felony).

In *Shipp*, the court found that *Chambers* applied retroactively to cases on collateral review. *See id.* at 1091. The government asserts that new rules of criminal procedure should not apply to cases that have become final before the new rule is announced. (Doc. 53 at 10); citing *United States v. Bellamy*, 411 F.3d, 1182, 1186 (10th Cir. 2005) (quoting *Teague v. Lane*, 489 U.S. 288, 310 (1989)). In

addition, the government urges that the court apply *Teague's* three-part test to determine whether *Chambers* is retroactively applicable. (Doc. 53 at 10.)

However, *Teague* does not apply to substantive rules. *See Shipp*, 589 F.3d at 1089 (citing *United States v. Bousley*, 523 U.S. 614, 620 (1998) ("*Teague* by its terms applies only to procedural rules")). In contrast to the policy in *Teague* for new procedural rules, new substantive rules are generally retroactively applicable. *See Shipp*, 589 F.3d at 1089. New substantive rules include those that "narrow the scope of a criminal statute by interpreting its terms." *See id*. Substantive rules also "forbid[ ] punishment of certain primary conduct" and "prohibit[ ] a certain category of punishment for a class of defendants because of their status or offense." *See id*. (citing *O'Dell v. Netherland*, 521 U.S. 151, 157 (1997)). In *Shipp*, the 10th Circuit relied on the Supreme Court's decision in *Davis v. United States*, 417 U.S. 333 (1974), providing the rule that substantive statutory interpretations should be retroactively applied in collateral review cases. *See Shipp*, 589 F.3d at 1089.

Whether *Teague* or *Davis* applies is often difficult to determine. *See id*. at 1089. In some instances, substantive rules have been treated as an exception to *Teague*, while in other cases, it is determined that the substantive rules are not subject to *Teague*'s doctrine. *See id*. at 1089–1090. The 10th Circuit concluded in *Shipp* that *Chambers* qualifies as a substantive decision that "prohibit[s] a certain category of punishment for a class of defendants because of their status or offense." *See id*. at 1090. The court thus applied the *Davis* standard and determined that *Chambers* applied retroactively to the case. *See id*. at 1091. This court will consider *Chambers* to be a substantive rule and applies it retroactively in this case.

### B. Statute of Limitations

Even though *Chambers* applies retroactively, the one-year time limitation must still be met. *See* 28 U.S.C. § 2255(f). The Supreme Court decided *Chambers* on January 13, 2009. Petitioner filed

his Motion to Vacate Under 28 U.S.C. § 2255 on July 22, 2010 (Doc. 49), a total of 555 days after the *Chambers* decision.

The one-year time limitation may be equitably tolled, however. *See United States v. Quintana-Navarette*, Nos. 05-20077-03-JWL, 07-2580-JWL, 2008 WL 1884131 at *3 (D. Kan. April 24, 2008). Equitable tolling is available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *See United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). The court cites examples that would require equitable tolling, such as when a prisoner is actually innocent or when other circumstances prevent the petitioner from filing that were out of his or her control. *See Gabaldon*, 522 F.3d at 1124.

In *Gabaldon*, prison officials placed Gabaldon in segregation and removed all of his legal materials, including a draft of his § 2255 brief. *See id*. at 1123, 1125. This occurred six weeks before the one-year time limit would expire. *See id*. at 1125. Despite his numerous requests, the papers were not returned until after the one-year time limit had expired to file his motion under 28 U.S.C. § 2255. *See id*. He filed his motion twenty-two days after his materials were returned. *See id*. The court found that the confiscation of Mr. Gabaldon's materials only weeks before the one-year deadline constituted extraordinary circumstances. *See id*. at 1126. The court also found that Mr. Gabaldon had acted diligently both in his efforts to file his claim and to have his legal materials returned to him. *See id*. at 1126–1127.

Petitioner has not indicated any reason why equitable tolling should apply in this case. He has not shown that he is innocent, a claim that would be contradicted by his guilty plea. Unlike the confiscation of legal materials in *Gabaldon*, petitioner has not demonstrated that any extraordinary circumstances prevented him from meeting the one-year time limitation to file his motion, or any other

-5-

reason why equitable tolling should apply in this case. *See Gabaldon*, 522 F.3d 1121 at 1126. Thus, the court finds that equitable tolling will not apply and petitioner's motion is time-barred.

### C. Waiver

Even if petitioner's motion was filed within the one-year time limitation, the court would deny his motion because petitioner expressly waived his right to collaterally attack his sentence in his plea agreement. (Doc. 44 at 3–4.) Both the government and the defendant are held to the terms of a lawful plea agreement. *See United States v. Arevelo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004). As long as it is made knowingly and voluntarily, a waiver of a defendant's rights under 28 U.S.C. § 2255 is generally enforceable. *See United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). An exception is made for petitions brought under 28 U.S.C. § 2255 challenging the validity of the plea or waiver based on ineffective assistance of counsel. *See id.* at 1187.

Courts use a three-prong analysis to determine whether a waiver is enforceable. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). The court must "determine: (1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . " *See id.*

The first two prongs are not at issue here. The waiver expressly states that "the defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28 U.S.C. § 2255." (Doc. 44 at 3–4.) Thus, the appeal falls directly within the scope of the waiver. *See Cannon v. United States*, Nos. 07-20138-CM-01; 09-2075-CM, 2009 WL 2580173, at *1 (D. Kan. Aug. 20, 2009) (finding that the defendant's argument to apply *Chambers* to his case fell squarely within the plea agreement waiver). The petitioner also makes no argument that

the waiver was not knowingly and voluntarily made. The only prong at issue is whether enforcement of the waiver would constitute a miscarriage of justice.

A miscarriage of justice results from enforcing a waiver of appellate rights if (1) the court considered an impermissible factor such as race; (2) the petitioner received ineffective assistance of counsel during negotiation of the waiver, rendering the waiver invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful, requiring that the error seriously affects the "fairness, integrity or public reputation of judicial proceedings." *See Hahn*, 359 F.3d at 1327.

In *Shipp*, the defendant was sentenced as an armed career criminal, based in part on a conviction for failure to return to a penal institution. *See* 589 F.3d at 1086. Based on his status as a career criminal, the defendant's sentence was in excess of the statutory maximum for the crime. *See id*. at 1091. Applying *Chambers*, the court found that the defendant should not be categorized as an armed career criminal and the imposition of a sentence beyond the statutory maximum constituted an unjust punishment, resulting in a miscarriage of justice. *See id*.

In this case, there is no evidence that race was considered and petitioner has not made a claim for ineffective assistance of counsel. The statutory maximum sentence in this case was life imprisonment. (Doc. 44 at 1.) Petitioner received a sentence of 180 months, or 15 years. Thus, unlike the imposition of a sentence beyond the statutory maximum in *Shipp*, the statutory maximum of life imprisonment is not exceeded in this case. *See* 589 F.3d at 1091. Petitioner asserts that the fourth factor, an otherwise unlawful waiver, is implicated in this case because of the Supreme Court's decision in *Chambers*. Petitioner has the burden of showing that enforcement of a waiver would result in the miscarriage of justice. *See United States v. Weeden*, Nos. 05-40042-01-JAR, 06-3064-JAR, 2007 WL 121405, at *3 (D. Kan. Jan. 11, 2007).

As stated above, *Chambers* does retroactively apply to petitioner's case. *See Shipp*, 589 F.3d at 1091. Petitioner claims that, because his attempted aggravated escape conviction was not a violent felony under *Chambers*, his waiver was void. (Doc. 54 at 2.) Petitioner argues that treatment of his attempted aggravated escape as a violent felony was an error that affected the "integrity, fairness, or public reputation of judicial proceedings, as the error affects . . . substantial rights." (Doc. 54 at 2.) This argument is only plausible if, without petitioner's attempted aggravated escape conviction, he would not have been sentenced as an armed career criminal and perhaps received a lighter sentence.

Petitioner argues that the probation officer made a mistake on his PSR. (Doc. 55.) As the government notes, this is the first time that petitioner challenged his PSR, and petitioner made no objections to the PSR at the time of sentencing. (Doc. 53 at 4.) Petitioner claims the report incorrectly characterized his criminal history by indicating petitioner has two prior drug convictions, while he argues he has only one. (Doc. 55.) If this was proven to be true, petitioner would not meet the requirements for characterization as an armed career criminal.

Under 28 U.S.C. § 2255(b), an evidentiary hearing is required "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Petitioner's conclusory statement that the probation officer made a mistake on his report is not enough to warrant an evidentiary hearing under U.S.C. § 2255(b). *See United States v. Blue*, 2009 WL 2581284, at *6 ("no evidentiary hearing is required if the prisoner fails to produce any independent indicia of the likely merit of his allegations.").

The court believes the PSR is correct and finds that petitioner had two prior drug convictions that would clearly qualify him as an armed career criminal. This fact, along with the fact that petitioner's sentence of 180 months of imprisonment was well under the statutory maximum sentence

of life imprisonment, indicates that the "fairness, integrity or public reputation of judicial proceedings" was not compromised.

### D. Certification of Appeal

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings. For the reasons stated above, the court finds that petitioner has not made a substantial showing of the denial of a constitutional right. The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

### Conclusion

Because petitioner's motion is time-barred under 28 U.S.C. § 2255(f) and the court has not found a miscarriage of justice that would preclude enforcement of the waiver, petitioner's Motion to Vacate Under 28 U.S.C. § 2255 is dismissed.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Vacate Under 28 U.S.C. § 2255 is dismissed.

Dated this 15th day of November, 2010 at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**