**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **SANDTAS METCALF,**  Petitioner,  v.  **UNITED STATES OF AMERICA,**  Respondent. | Case No. 06-20024/16-2355 |

**MEMORANDUM & ORDER**

This matter comes before the court upon petitioner Sandtas Metcalf's Motion to Vacate Sentence (Doc. 70) and the Government's Motion to Dismiss (Doc. 77). The Tenth Circuit granted petitioner leave to file a second or successive motion to vacate his sentence, based on his argument that he no longer qualifies as a career offender under U.S.S.G. § 4B1.2. Petitioner argues that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015)—that the residual clause of the Armed Career Criminals Act ("ACCA") was void for vagueness—should also subject to collateral review sentences that were imposed under identical language in the Guidelines, while the guidelines were mandatory.

**I.     Background**

Petitioner pleaded guilty to possessing with intent to distribute five grams or more of cocaine base in October 2006. On January 8, 2007, he was sentenced to 180 months imprisonment to be followed by four years of supervised release. On July 22, 2010, petitioner filed a previous motion for collateral relief under 28 U.S.C. § 2255, which was denied on November 15, 2010. The Tenth Circuit affirmed. On May 20, 2016, petitioner received leave from the Tenth Circuit to file a second or successive petition based on the Supreme Court's decision in *Johnson*. Plaintiff's second § 2255 challenges language in

-1-

U.S.S.G. § 4B1.2 that is identical to the language the Supreme Court found unconstitutionally vague in *Johnson*.

This case has been stayed since July 8, 2016 pending the Tenth Circuit's decisions in *United States v. Greer*, 881 F.3d 1241 (10th Cir. 2018), and *United States v. Mulay*, No. 17-3031, 2018 WL 985741, at *1 (10th Cir. Feb. 20, 2018), because those cases presented the question of whether the Supreme Court's decision in *Johnson* would extend to individuals sentenced under identical language in the Guidelines, when the guidelines were mandatory. Those cases have now been decided and the court is ready to rule.

### I.     Legal Standards

Generally, a § 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." § 2255(f)(1). But a new one-year period begins on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). Here, petitioner timely sought leave to file a second or successive motion under § 2255(h)(2), which provides that such leave may be granted when there is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Generally, new constitutional rules of criminal procedure do not retroactively apply to cases on collateral review, but substantives rules "are not subject to this general retroactivity bar." *Mulay*, at *4 (citing *Welch v. United States*, 136 S. Ct. 1257 (2016), *Teague v. Lane*, 489 U.S. 288 (1989)). Substantive rules "alter[] the range of conduct or the class of persons that the law punishes." *Id.* (quoting *Welch*, at 1264–65 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004))). "A rule is 'new' if it was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* (quoting *Teague*, at 301) (emphasis in original). The Supreme Court's decision in *Johnson* is "a new substantive

-2-

rule because it altered the sentence that a defendant could legally receive." *Id.* (citing *Welch* at 1265). Habeas petitioners may therefore retroactively seek application of the Supreme Court's decision in *Johnson* to their cases.

As noted in petitioner's latest status report, the Tenth Circuit has determined that because *Johnson* does not find the residual clause in § 4B1.2 void for vagueness, habeas petitioners are not entitled to collateral review of their sentences under that section, despite its language being identical to that in the residual clause in the ACCA. In *Greer*, the Tenth Circuit found that the language of the Supreme Court's decision in *Johnson* limited the holding to apply to "a defendant's right not to have his sentence increased under the residual clause of the ACCA." *Greer*, 881 F.3d at 1248.

**II.     Discussion**

Petitioner's most recent status report (Doc. 98) concedes that the Tenth Circuit's decisions in *Greer* and *Mulay* found that the Supreme Court's decision in *Johnson* is only applicable to habeas petitioners seeking collateral review of their sentences under the ACCA. Petitioner states that he disagrees with the Tenth Circuit's decisions but concedes that this court is bound by them. Petitioner does request that this court grant petitioner a certificate of appealability. As petitioner presents precisely the same question already decided by the Tenth Circuit in *Greer* and *Mulay*, petitioner's motion to vacate must be denied.

Rule 11 of the rules governing § 2255 provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. § 2255. Petitioner must make a "substantial showing of the denial of a constitutional right" in order for the district court to issue a certificate of appealability. § 2253(c)(2). A petitioner may meet this burden by "showing that reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). A petitioner must show "something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Barefoot*, 463 U.S. at 893). The court must "indicate which specific issue or issues satisfy the showing required . . ." § 2253(c)(3). If the district court denies a certificate, the parties may seek a certificate from the Tenth Circuit.

Petitioner suggests that he should be granted a certificate of appealability because the circuits are split on whether the Supreme Court's decision in *Johnson* should apply to identical language in § 4B1.2. The court agrees. As petitioner notes, whether his petition will ultimately prevail in this circuit is irrelevant to whether a certificate should be granted. The petition is not frivolous as there is a circuit split on the issue of whether the *Johnson* decision should entitle individuals sentenced under § 4B1.2, while the guidelines were mandatory, to retroactive collateral review of their sentences. The court grants petitioner's request for a certificate of appealability.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Vacate Sentence (Doc. 70) is denied but his request for a certificate of appealability is granted.

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss (Doc. 77) is denied as moot.

Dated April 5, 2018, at Kansas City, Kansas.

                                                 s/ Carlos Murguia
                                                 **CARLOS MURGUIA**
                                                 **United States District Judge**